IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL G. TRUESDALE,     )
                          )
           Plaintiff,     )
     v.                   )   No. 03 C 8209
                          )
EDWARD C. KLICH and ROBERT GUARE,  )
                          )
           Defendants.    )
_____)
                          )
EDWARD C. KLICH,          )
                          )
           Counter-claimant,  )
     v.                   )
                          )
MICHAEL G. TRUESDALE,     )
                          )
           Counter-defendant.  )

## MEMORANDUM OPINION AND ORDER

This case arises from a disagreement between two neighbors. Plaintiff Michael Truesdale was at his home in unincorporated DuPage County, digging a hole and attaching additional pipe in order to modify the manner in which his sump pump discharged. Defendant Edward Klich lived next door and came out to complain about the effect Klich was afraid the discharge would have on his property. Words were exchanged and Klich called the County Sheriff to complain that Truesdale had threatened him. Defendant Robert Guare, a deputy sheriff, was

dispatched. Guare had separate discussions with both Truesdale and Klich. Klich insisted on pressing charges, so Guare arrested Truesdale and brought him to the Sheriff's station where Klich signed a complaint and Truesdale was charged with misdemeanor assault. At the criminal trial, Klich was the only witness to testify for the prosecution. Guare was called as Truesdale's first witness, but shortly into Guare's testimony, the judge interrupted and thereafter directed a verdict in Truesdale's favor on the ground that Klich had failed to identify Truesdale in court as being the person about whom he had been testifying. Thereafter, plaintiff brought suit against Klich and Guare.[1] In Count I of the First Amended Complaint, plaintiff alleges Guare violated the federal Constitution by arresting plaintiff without probable cause. Count II is a state law claim against both defendants that is labeled as "false arrest/false imprisonment." Defendant Guare has moved for summary judgment on the claims against him, contending the undisputed facts show that he had probable cause to arrest plaintiff.[2]

---

[1] Klich has also filed a counterclaim for nuisance.

[2] Defendant apparently seeks dismissal on the merits regarding both counts, though the arguments contained in his brief are directed to the federal count only. Although Guare does not discuss the applicable state law, the argument he makes (lack of probable cause) would generally apply to state law false arrest and false imprisonment claims as well. Patterson v. Burge, 328 F. Supp. 2d 878, 899 (N.D. Ill. 2004); Long v. McDermott, 2004 WL 1088351 *2 (N.D. Ill. May 13, 2004); Bergstrom v. McSweeney, 294 F. Supp. 2d 961, 968-69 (N.D. Ill.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. Eiencorp, Inc. v. Rocky Mountain Radar, Inc., 398 F.3d 962, 965 (7th Cir. 2005); Estate of Moreland v. Dieter, 395 F.3d 747, 758 (7th Cir.), cert. denied, 125 S. Ct. 2915 (2005); Hall v. Bennett, 379 F.3d 462, 464 (7th Cir. 2004); Hudson v. Chicago Transit Authority, 375 F.3d 552, 558 (7th Cir. 2004). The burden of establishing a lack of any genuine issue of material fact rests on the movant. Outlaw v. Newkirk, 259 F.3d 833, 837 (7th Cir. 2001); Wollin v. Gondert, 192 F.3d 616, 621-22 (7th Cir. 1999). The nonmovant, however, must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Binz v. Brandt Construction Co., 301 F.3d 529, 532 (7th Cir. 2002); Traylor v. Brown, 295 F.3d 783, 790 (7th Cir. 2002). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. Celotex, 477 U.S. at 324. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. See Yasak v. Retirement Board of Policemen's Annuity & Benefit Fund of Chicago, 357 F.3d 677, 679 (7th Cir. 2004); NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 236 (7th Cir.), cert. denied, 515

---

2003); Penn v. Chicago State University, 162 F. Supp. 2d 968, 975 (N.D. Ill. 2001), aff'd, 296 F.3d 573 (7th Cir. 2002).

U.S. 1104 (1995); Covalt v. Carey Canada, Inc., 950 F.2d 481, 485 (7th Cir. 1991); Collins v. Associated Pathologists, Ltd., 844 F.2d 473, 476-77 (7th Cir.), cert. denied, 488 U.S. 852 (1988); Shyman v. UNUM Life Insurance Co. of America, 2004 WL 609280 *2 (N.D. Ill. March 25, 2004), aff'd, 427 F.3d 452 (7th Cir. 2005). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Logan v. Commercial Union Ins. Co., 96 F.3d 971, 978 (7th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" Logan, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." Id. (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Hence, a "metaphysical

>       doubt" regarding the existence of a genuine fact
>       issue is not enough to stave off summary
>       judgment, and "the nonmovant fails to demonstrate
>       a genuine issue for trial 'where the record taken
>       as a whole could not lead a rational trier of
>       fact to find for the non-moving party . . . .'"
>       Logan, 96 F.3d at 978 (quoting Matsushita Elec.
>       Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.
>       574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538
>       (1986)).

Outlaw, 259 F.3d at 837.

Resolving all genuine factual disputes and drawing all reasonable inferences in plaintiff's favor, the facts assumed to be true for purposes of summary judgment are as follows. Prior to 9:00 a.m. on December 15, 2002, plaintiff was in his front yard in unincorporated DuPage County using a shovel to dig a hole for a sump discharge pipe. Before the encounter with Klich occurred, the additional pipe was already in the ground and attached and the hole had been filled with dirt. Klich came out and stood in his own driveway, at least 12 feet from plaintiff. During their conversation, neither party left his own property and they were never closer than 12 feet apart. Klich complained about the possibility of water and sewage running onto Klich's property. Truesdale explained that the pipe was for rain water and that he had followed the instructions of the County. According to Truesdale, Truesdale eventually said to Klich, "Why don't you blow it out your ass." Klich went inside to call the Sheriff and Guare arrived approximately five minutes thereafter. Klich's eleven-year-old daughter was in Klich's driveway during

the encounter. Truesdale's wife observed part of the encounter from Truesdale's property.

Guare spoke separately to Klich, then Truesdale, and then again spoke separately to each of them. Prior to the arrest, Guare did not speak to any other witness. According to the complaint signed by Klich, Truesdale said to Klich that he "was going to 'shove it up his ass,' referring to a pipe in the ground." At the criminal trial, Klich testified that he also told Guare that Truesdale moved toward him with a shovel in his hand when he made the threat. Klich also told Guare that his daughter was a witness to the encounter. At the criminal trial, Guare testified that his police reports are to be complete and accurate. In the police report, Guare wrote: "Mr. Klich (CV) stated that Mr. Truesdale (CV) became irate and stated to Mr. Klich (CV) 'I won't take any of your bullshit' and 'I'm going to shove it up your ass.'" There is no mention in the report that Klich stated Truesdale advanced toward him nor is there any mention that Klich said Truesdale had a shovel. The report does state that Truesdale denied making any threatening remarks and that Truesdale stated that Klich approached him aggressively. It is undisputed that Truesdale could not hear the conversation that Klich had with Guare. Truesdale does testify that, during his interview at the property, Guare told Truesdale that Klich had said Truesdale had threatened to "shove the pipe up his ass" and that Klich had a witness. Truesdale denied making such a threat and pointed out that the pipe was already in the ground. Guare

did not say anything about Klich claiming that Truesdale had a shovel or had come at him. On summary judgment, no affidavit or testimony of Guare is provided other than the minimal testimony he provided at the criminal trial.

Defendant contends that, since he did not hear the actual conversation, plaintiff can provide no testimony regarding what Klich told Guare. Defendant also contends that the police report and criminal complaint are "generally" not admissible evidence. Defendant contends that, on summary judgment, Klich's testimony as to what he said to Guare must be taken as true because there is no other admissible evidence on the subject. Guare's statements to Truesdale regarding what Klich had said to Guare are admissible against Guare as an admission of a party opponent. Fed. R. Evid. 801(d)(2)(A). In a civil case, police reports may be admissible as a public record or business record. Id. 803(8), 803(6); Lockhart ex rel. Lockhart v. Archer, 2004 WL 1459338 *1 n.2 (N.D. Ill. June 25, 2004); Hottenroth v. Village of Slinger, 2003 WL 24153923 *5 n.8 (E.D. Wis. March 31, 2003), aff'd, 388 F.3d 1015 (7th Cir. 2004); Mizwicki v. City of Naperville, 1999 WL 413501 *1 n.1 (N.D. Ill. June 2, 1999); Richards v. City of New York, 2003 WL 21036365 *6 (S.D.N.Y. May 7, 2003). They also may be admitted as admissions of a party opponent when used against a defendant police officer who authored the report. Mizwicki, supra. Resolving genuine factual disputes in plaintiff's favor, on the summary judgment motion it must be assumed that Klich only told Guare that plaintiff threatened to

shove a pipe up his ass and did not also tell him that plaintiff approached him or held a shovel in any threatening manner. It also must be assumed that Klich said nothing about the pipe being unattached at the time, that Guare was aware he arrived within five minutes of the encounter, and that he was aware the pipe was already attached and covered with dirt when he arrived.

Probable cause is a complete defense to an alleged false arrest in violation of the Fourth Amendment (as applied to the states through the Fourteenth Amendment). Abrams v. Walker, 307 F.3d 650, 657 (7th Cir. 2002); Phelps v. City of Indianapolis, 2004 WL 1146489 *5 (S.D. Ind. May 10, 2004); Penn v. Chicago State University, 162 F. Supp. 2d 968, 975 (N.D. Ill. 2001), aff'd, 296 F.3d 573 (7th Cir. 2002).

> Probable cause is only a probability or substantial chance of criminal activity, not a certainty that a crime was committed. Illinois v. Gates, 462 U.S. 213, 244 n.13 (1983). It existed in this case if, at the moment when [the officer] sought the warrants for [the plaintiff's] arrests, the facts and circumstances within his knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent person in believing that [the plaintiff] had committed the crimes. See Hunter v. Bryant, 502 U.S. 224, 228 (1991); Neiman [v. Keane], 232 F.3d [577], 580 [(7th Cir. 2000)]. In determining whether information submitted to a judicial officer in support of a warrant application was sufficient to establish probable cause, we look only at what the officer knew at the time he sought the warrant, not at how things turned out in hindsight. Hebron v. Touhy, 18 F.3d 421, 423 (7th Cir. 1994). The complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate.

> Woods v. City of Chicago, 234 F.3d 979, 987 (7th
> Cir. 2001); Neiman, 232 F.3d at 581; Guzell v.
> Hiller, 223 F.3d 518, 519-20 (7th Cir. 2000);
> Jenkins v. Keating, 147 F.3d 577, 585 (7th Cir.
> 1998); Tangwall v. Stuckey, 135 F.3d 510, 516-17
> (7th Cir. 1998); Hebron, 18 F.3d at 422-23;
> Gerald M. v. Conneely, 858 F.2d 378, 381 (7th
> Cir. 1988); Gramenos v. Jewel Cos., Inc.,
> 797 F.2d 432, 439-40 (7th Cir. 1986). And in
> crediting the complaint of a reasonably
> believable witness or putative victim, the police
> are under no constitutional obligation to exclude
> all suggestions that the witness or victim is not
> telling the truth. Spiegel v. Cortese, 196 F.3d
> 717, 724-25 (7th Cir. 2000); Gramenos, 797 F.2d
> at 442.

Beauchamp v. City of Noblesville, Ind., 320 F.3d 733, 743 (7th Cir. 2003).

Even if the facts assumed to be true for purposes of summary judgment support that probable cause did not exist, Guare would be entitled to qualified immunity if those facts support that he had any reasonable basis to suppose probable cause did exist. Kijonka v. Seitzinger, 363 F.3d 645, 648 (7th Cir. 2004). Stated another way, it must be clear to a reasonable officer that it would have been unlawful to arrest the person. Pourghoraishi v. Flying J, Inc., ___ F.3d ___, 2006 WL 1028685 *7-8 (7th Cir. April 20, 2006).

In determining whether probable cause existed to arrest plaintiff for assault, the requirements of the applicable state criminal law must be considered. Id. at *8. In this case, that would be 720 ILCS 5/12-1(a), which provides: "A person commits an assault when, without lawful authority, he engages in conduct which places another in reasonable apprehension of receiving a

battery." The victim must be subjectively placed in apprehension and that apprehension must also be objectively reasonable. Kijonka, 363 F.3d at 647; People v. Floyd, 278 Ill. App. 3d 568, 663 N.E.2d 74, 76 (1st Dist. 1996). Consistent with the common law tradition, apprehension must be of an imminent threat, and words alone will not do, threatening words must be accompanied by some gesture, action, or condition. Kijonka, 363 F.3d at 647-48; Floyd, 663 N.E.2d at 76. Although the Floyd opinion contains the language "words alone are not usually enough," that is immediately followed by the statement that "[s]ome action or condition must accompany those words." 663 N.E.2d at 76. Reviewing Illinois case law, the Seventh Circuit held that Floyd's use of "'usually' was just an unnecessary hedge (there is such a thing as misstating the law by adding, out of an overabundance of caution, unnecessary qualifications)." Kijonka, 363 F.3d at 647-48. No published Illinois case finds words alone to be sufficient to constitute assault.

Kijonka was decided in 2004, but it relies entirely on assault case law that precedes the December 15, 2002 incident at issue in the present case. Although not mentioned in the opinion, the incident at issue in Kijonka occurred in June 2001. See Kijonka Appellant's Br., 2003 WL 23340044 *1. As of December 2002, it was clearly established that words alone could not constitute assault.

On the facts that must be assumed to be true for purposes of summary judgment, Guare was only told that Truesdale had

- 10 -

verbally threatened Klich. Guare had no information that Truesdale had made any movement toward Klich nor any other threatening gesture, motion, or action. The particular threat involved a pipe and, as far as Guare knew, that pipe was already buried in the ground. Thus, even if words alone could possibly support an assault charge, that threat could not constitute an imminent threat of battery.

Since Guare did not have knowledge of facts that would constitute an assault, probable cause to arrest plaintiff did not exist. At the time of the arrest, Illinois law was clear that words alone cannot constitute assault. Even if Illinois law at the time should be viewed as allowing a police officer to believe (reasonably, though incorrectly) that words alone could support an assault under exceptional (unusual) circumstances, no such exceptional circumstances existed. There were no surrounding circumstances that made Truesdale's threat exceptionally fearsome. There was no prior history of violence and the words were not exceptionally threatening. The expression of shoving something is vulgar, but certainly not an original expression nor one that is ordinarily meant to be taken literally. Even if interpreted simply as a threat to hit Klich with the pipe, such a threat did not represent an imminent threat because (as far as Guare knew), Truesdale would have had to first dig out the pipe and disconnect it before he could use it to hit Klich. On the facts before the court on summary judgment, Guare is not entitled to qualified immunity.

In his reply, Guare contends for the first time that probable cause existed to arrest Truesdale for disorderly conduct in violation of 720 ILCS 5/26-1(a)(1). That statute provides: "A person commits disorderly conduct when he knowingly: (1) Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace." It is true that an arrest can be supported by probable cause that the arrestee committed a crime other than the one with which he or she was charged. Ochana v. Flores, 347 F.3d 266, 271 (7th Cir. 2003). However, since the contention that there was probable cause that Truesdale committed disorderly conduct is raised for the first time in defendant's reply and since that contention is not supported by an adequately developed argument,[3] this issue will not be resolved on its merits. Weinstein v. Schwartz, 422 F.3d 476, 477 n.1 (7th Cir. 2005); Gilmore v. Southwestern Bell Mobile Systems, L.L.C., 210 F.R.D. 212, 225 n.11 (N.D. Ill. 2001). It is noted, though, that the law in Illinois is clear that, in order to avoid possible constitutional infirmities, a violation of § 26-1(a)(1) based on words alone requires that the words constitute "fighting words." People v. Redwood, 335 Ill. App. 3d 189, 780 N.E.2d 760, 763 (4th Dist. 2002); People v. Slaton, 24 Ill. App. 3d 1062, 322 N.E.2d 553, 554 (5th Dist. 1974). "'Fighting words' are personally abusive epithets which, when

---

[3]Defendant does not set forth the elements of a disorderly conduct violation, cite any cases involving disorderly conduct, nor discuss how the facts of this case constitute a disorderly conduct violation.

addressed to an ordinary citizen, as a matter of common knowledge, inflict injury or are inherently likely to provoke an immediate breach of the peace." Redwood, 780 N.E.2d at 763. Being vulgar and offensive is not enough, by itself, to constitute a violation of the statute. People v. Allen, 288 Ill. App. 3d 502, 680 N.E.2d 795, 799 (4th Dist. 1997). A case from another jurisdiction held that making an obscene finger gesture and saying "shove it up your ass" to a police officer did not qualify as fighting words. City of West Monroe v. Cox, 511 So. 2d 1200, 1202-03 (La. App. 1987).

Although a motion for summary judgment is being denied, the parties should make a serious effort to settle this case between neighbors. Accordingly, this case will be referred to the assigned magistrate judge for a settlement conference.

IT IS THEREFORE ORDERED that defendant Guare's motion for summary judgment [46] is denied. This case is referred to the assigned magistrate judge for a settlement conference. A status hearing before Judge Hart is set for June 21, 2006 at 11:00 a.m.

ENTER:

*/s/ William T. Hart*

UNITED STATES DISTRICT JUDGE

DATED: MAY 23, 2006