# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL G. TRUESDALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 C 8209 |
| v. ) | |
| ) | Mag. Judge Michael T. Mason |
| EDWARD C. KLICH and ) | |
| ROBERT GUARE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

This matter is before the Court on plaintiff Michael Truesdale's ("Truesdale") amended post-trial motion. Plaintiff asks this Court to grant him a new trial on his claims against defendants Robert Guare ("Guare") and Edward Klich ("Klich"). Plaintiff also asks that this Court vacate the jury's award against him on Klich's counterclaim. For the reasons set forth below, plaintiff's amended post-trial motion is denied in its entirety.

## BACKGROUND

This case arises from a disagreement between two next-door neighbors. On December 15, 2002, plaintiff was at his home in unincorporated DuPage County, digging a hole in his front yard and attaching additional pipe in order to modify the manner in which his sump pump discharged. Defendant Klich lived next door and came out to complain about the effect the discharge would have on his property. Words were exchanged and Klich called the DuPage County Sheriff's Office to report that Truesdale

had threatened him.  Defendant Robert Guare, a deputy sheriff, was dispatched.  Guare had separate discussions with both Truesdale and Klich.  Klich insisted on pressing charges.  Guare arrested Truesdale and brought him to the Sheriff's station where Klich signed a complaint.  Truesdale was charged with misdemeanor assault.  At the criminal trial, the judge directed a verdict in Truesdale's favor on the ground that Klich had failed to identify Truesdale in court as being the person about whom he had been testifying.

In November 2003, Truesdale filed this action, stemming from his arrest on December 15, 2002.  Truesdale alleged a § 1983 false arrest claim and an Illinois state law claim for false imprisonment against Deputy Guare.  He also alleged Illinois state law claims for false imprisonment and malicious prosecution against Klich.  Klich filed a counterclaim against Truesdale, alleging nuisance.

After a two-day jury trial, the jury returned a verdict in favor of defendants Klich and Guare and against Truesdale on all counts of plaintiff's first amended complaint.  The jury also returned a verdict in favor of Klich and against Truesdale on Klich's counterclaim for nuisance in the amount of $30,000.00.

**ANALYSIS**

**I.  Motion for a New Trial**

Plaintiff's amended post-trial motion fails to specify the Federal Rules of Civil Procedure under which he seeks relief.  Plaintiff asks this Court to grant him a new trial on his claims against Klich and Guare and to vacate the jury's award against him on Klich's counterclaim.  This Court interprets plaintiff's first request to be a motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a).  We interpret Truesdale's second request to be a motion for judgment as a matter of law pursuant to Rule 50(b).

We begin by analyzing plaintiff's motion for a new trial. A district court may grant a new trial if it finds the verdict is against the manifest weight of the evidence or if prejudicial error occurred. *McClain v. Owens-Corning Fiberglas Corp.*, 139 F.3d 1124, 1126 (7th Cir. 1998); *Bankcard Am., Inc. v. Universal Bancard Sys.*, 203 F.3d 477, 480 (7th Cir. 2000). To meet this standard, Truesdale must demonstrate that no rational jury could have rendered a verdict against him. *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006) (citing *Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917, 926 (7th Cir. 2004)). The Court will sustain the verdict where a "reasonable basis" exists in the record to support the verdict. *Id.* When a motion for a new trial is based on an error of law, the moving party must show that the error was substantial enough to deny him a fair trial. *Perry v. Larson*, 794 F.2d 279, 285 (7th Cir. 1986); Fed. R. Civ. P. 61.

### A. The Court Properly Refused Jury Instruction No. 19

Plaintiff argues that this Court erred in refusing to allow Jury Instruction No. 19. Jury Instruction No. 19 stated:

> A verbal threat of indefinite action in the indefinite future is not assault under Illinois law. Mere words are insufficient to constitute assault in Illinois.

This Court declined to give Jury Instruction No. 19 because the Court found it more appropriate to give the Illinois Pattern Jury Instruction on assault instead and because the Seventh Circuit opinion used as authority for the instruction, *Kijonka v. Seitzinger, et al.*, 363 F.3d 645 (7th Cir. 2004), was decided two years after the December 2002 incident. (Tr., pp. 398, 402).[1] "To win a new trial based on an

---

[1] "Tr." refers to the trial transcript.

3

erroneous jury instruction, [Truesdale] must show both that the instructions did not adequately state the law and that the error was prejudicial to [him] because the jury was likely to be confused or misled." *Boyd v. Ill. State Police*, 384 F.3d 888, 894 (7th Cir. 2004), citing *Gile v. United Airlines, Inc.*, 213 F.3d 365, 375 (7th Cir. 2000). "An erroneous jury instruction could not prejudice [plaintiff] unless 'considering the instructions as a whole, along with all of the evidence and arguments, the jury was misinformed about the applicable law.'" *Id.*, quoting *Susan Wakeen Doll Co. v. Ashton-Drake Galleries*, 272 F.3d 441, 452 (7th Cir. 2001).

Truesdale claims that he suffered prejudice as a result of the Court's refusal to allow this jury instruction. However, the jury was properly instructed on Illinois law regarding assault because this Court gave the Illinois Pattern Jury Instruction on assault. IPI No. 11.01 states:

> A person commits the offense of assault when he knowingly without lawful authority engages in conduct which places another person in reasonable apprehension of receiving bodily harm or physical contact of an insulting or provoking nature.

In short, this Court finds that plaintiff has failed to demonstrate that the jury was misinformed about the applicable law or that the absence of Jury Instruction No. 19 confused or misled the jury.

Truesdale also argues that the sequence of events and totality of the circumstances surrounding the rejection of Jury Instruction No. 19 was prejudicial. Originally, this Court had determined that Jury Instruction No. 19 would be allowed. (Tr., p. 119). However, after defendant Guare objected, the Court withdrew that ruling. Indeed, this Court's clerk clarified as much during the jury instruction conference.

4

| | |
|---|---|
| THE CLERK: | Is 19 accepted or not? |
| THE COURT: | We are going to wait and see what we have. There is an objection to it pending. (Tr., pp. 119-120). |

Despite the fact that an objection was pending, plaintiff's counsel referred to Jury Instruction No. 19 in his closing argument. Plaintiff's counsel said that the complaint against Truesdale "simply says that Mr. Truesdale used words, which you will hear are not sufficient for an assault. Just words don't do it." (Tr., p. 387). Deputy Guare's counsel objected and the Court sustained the objection. (*Id.*). Plaintiff's counsel continued, "Well, read the jury instructions on that." (*Id.*). Plaintiff complains that the parties made closing arguments prior to the Court's ruling on Jury Instruction No. 19. However, plaintiff's counsel never requested that the Court rule on the pending objection prior to closing arguments. This Court was unaware that plaintiff's counsel intended to reference the disputed instruction during his closing. Had plaintiff's counsel informed the Court of his desire to do so, we would have ruled on the objection prior to plaintiff's closing.

Finally, plaintiff's counsel argues that when he gave his closing, he believed that this Court would give Jury Instruction No. 19 in reliance on Judge Hart's Memorandum Opinion. Judge Hart presided over this case before the parties consented to the jurisdiction of this Court. Judge Hart issued a Memorandum Opinion denying Deputy Guare's motion for summary judgment based on qualified immunity. *Truesdale v. Klich*, 2006 U.S. Dist. LEXIS 37139 (N.D. Ill. 2006). Judge Hart specifically considered the fact that the *Kijonka* case was decided in 2004.[2] *Id.* at *15-16. He noted that *Kijonka*

---

[2] *Kijonka* is the Seventh Circuit opinion plaintiff used as authority for Instruction No. 19.

5

was based on case law that predated the December 15, 2002 incident. *Id.* Therefore, Judge Hart found that by December 2002, it was clearly established that words alone could not constitute assault. *Id.* Plaintiff's counsel pointed this out to the Court when we revisited the issue of Jury Instruction No. 19. Nevertheless, this Court found that the IPI jury instruction on assault was sufficient. (Tr., pp. 398, 402).

Because this Court properly instructed the jury by giving IPI 11.01, we find that plaintiff has failed to demonstrate that the jury was misinformed about the applicable law. Furthermore, plaintiff's counsel cannot complain now about his decision to reference a disputed jury instruction during his closing when he never asked for a ruling prior to closing arguments or informed the Court of his plan to reference the instruction. Accordingly, we find that plaintiff is not entitled to a new trial on this basis.

### B. The Court Properly Refused to Admit Plaintiff's Exhibit Nos. 4 and 5

Plaintiff argues that this Court erred in refusing to admit plaintiff's Exhibit Nos. 4 and 5. Exhibits 4 and 5 were photographs of the pipe that Truesdale was working on at the time of the alleged assault. The photographs show that the pipe was partially buried in the ground. The Court refused to admit these two exhibits because the testimony regarding the photographs was confusing, because it was unclear when they were taken, and because we found that the photographs did not accurately reflect what the pipe or the ground looked like at the time of the incident. (Tr., pp. 106, 184).

While plaintiff testified that the photographs accurately reflected the condition of the pipe when Klich came outside on December 15, 2002, he also testified that he continued to spread dirt around and bust up sod after Klich went inside to call the police. (Tr., pp. 21-23, 26, 62). Truesdale testified that he was just finishing up the project

6

when Guare arrived on the scene. (Tr., p. 62). According to plaintiff, the photographs were not taken on the day of the incident but were taken "in the next couple of days." (Tr., p. 73). Mrs. Truesdale testified that Exhibits 4 and 5 truly and accurately depicted the condition of the pipe as of the morning of December 15, 2002. However, she also testified that she observed the incident from the picture window in her living room and that when Klich and Truesdale started talking, Truesdale was kneeling at the pipe, working at the ground. (Tr., pp. 169-170). Furthermore, Mrs. Truesdale testified that she believed that there was a splash guard underneath the drainage pipe on the morning of the incident. (Tr., p. 169). In contrast, Deputy Guare testified that there was no splash pan underneath the pipe when he arrived on the scene. (Tr., p. 100). He also testified that more pipe was exposed in the photographs than what he saw on the day of the incident. (*Id.*).

It is well settled that "the district court enjoys wide discretion in admitting or excluding evidence." *United States v. Julian*, 427 F.3d 471, 487 (7th Cir. 2005). Based on the discrepancy about the splash guard, the fact that it was unclear when the photographs were taken, and both Mr. and Mrs. Truesdale's testimony that plaintiff continued to spread dirt and work around the pipe during and after the incident, this Court found that the photographs did not accurately reflect what the pipe or the ground looked like at the time of the incident. (Tr., p. 106). Plaintiff's Exhibits 4 and 5 were properly excluded because the testimony about the photographs was confusing and the exhibits could have misled the jury about the condition of the pipe at the time of the incident.

Furthermore, these photographs were published to the jury. (Tr., p. 106).

7

Therefore, we fail to see the prejudice in denying their admission. Even if the Court erred in refusing to admit Exhibits 4 and 5, plaintiff failed to demonstrate that any such error was substantial enough to deny him a fair trial. Accordingly, plaintiff is not entitled to a new trial on this basis. *Perry*, 794 F.2d at 285.

### C. The Court Properly Limited Mrs. Truesdale's Testimony

Next, plaintiff argues that the Court improperly barred Mrs. Truesdale (plaintiff's wife) from testifying about her conversations with Deputy Guare prior to, and at the time of plaintiff's arrest. Plaintiff is mistaken. This Court did not bar Mrs. Truesdale from testifying about *all* of her conversations with Deputy Guare. Instead, this Court instructed Mrs. Truesdale that she could not go into "any domestic issues that the Kliches may have or have had at the time." (Tr., p. 175). The Court found that allowing Mrs. Truesdale to testify that Mr. Klich had beaten his wife or that he had physically abused family members was too prejudicial. However, contrary to plaintiff's suggestion, this Court did not bar Mrs. Truesdale from stating that she protested her husband's arrest, that she professed his innocence, or that she claimed that the arrest was unjustified. Plaintiff's counsel was free to ask Mrs. Truesdale whether she protested her husband's arrest and Mrs. Truesdale was free to respond affirmatively as long as she did not mention any domestic disputes concerning the Klich family.

Moreover, plaintiff's counsel did not object to the portion of defense counsel's closing argument about which he now complains. As a result, plaintiff waived this issue. *See Walden v. Illinois C. G. Railroad*, 975 F.2d 361, 366 (7th Cir. 1992) (finding that objections to closing argument must be made prior to the submission of the case to the jury or they are waived); *Deppe v. Tripp*, 863 F.2d 1356, 1364 (7th Cir. 1988) (a party's

8

failure to object to allegedly prejudicial comments during a closing statement constitutes a waiver of that party's right to raise those statements as a basis for reversal of a jury verdict).

Pursuant to Federal Rule of Evidence 403, this Court properly barred evidence of domestic disputes involving Mr. Klich because the threat of undue prejudice outweighed the probative value of this evidence. Fed. R. Evid. 403. Consequently, we find that plaintiff is not entitled to a new trial on this basis.

**D. The Court Did Not Err in Admitting Photographs Taken by Mrs. Klich or Lay Opinion Testimony Offered by the Kliches**

Plaintiff argues that this Court improperly admitted photographs taken by Mrs. Klich without proper foundation. Plaintiff's counsel objected to the admission of two photographs, DX 8.3 and DX 9.1, based on foundation. The Court properly admitted these photographs over plaintiff's objection, finding that Mrs. Klich had laid a proper foundation and that her testimony was credible. (Tr., pp. 320-323). Furthermore, plaintiff has failed to demonstrate that any purported error in admitting DX 8.3 and/or DX 9.1 was substantial enough to deny him a fair trial. *Perry*, 794 F.2d at 285.

Plaintiff also complains that the Court improperly allowed Mrs. Klich to give her "opinion" as to why Mr. Truesdale did certain things. Mrs. Klich testified that in her opinion, the police were called one night while she and her husband were entertaining company to aggravate or embarrass them. (Tr., p. 326). She further testified that she believed Mr. Truesdale was doing things to her family because he was very upset that he was arrested. (Tr., pp. 328-329). This Court instructed the jury that when a witness gives an opinion, "that's just what it is, and you give it the weight you feel it deserves."

9

(Tr., p.329). Plaintiff argues that there was no foundation for this testimony. This Court disagrees. The opinion testimony was admissible pursuant to Federal Rule of Evidence 701 because it was rationally based on Mrs. Klich's perception, it was helpful to a clear understanding of her testimony and it was not based on scientific, technical or specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. Additionally, once again, plaintiff has not shown that any alleged error in admitting this opinion testimony was substantial enough to deny him a fair trial.

Next, Truesdale argues that the Court erred in admitting Mr. Klich's "opinion" that somone threw oil onto his wife's car from the Truesdale's property, while standing at the end of the Truesdale's fence. (Tr., pp. 274-275). Mr. Klich explained that the oil ran from the end of the fence to where the tire of his wife's car hit the pavement. (Tr., p. 275). The Court instructed the jury that this was Mr. Klich's opinion and that the jury "should give it the weight you feel is proper." (*Id.*). Mr. Klich's opinion testimony was admissible pursuant to Federal Rule of Evidence 701 because it was rationally based on his perception, it was helpful to a clear understanding of his testimony and it was not based on scientific, technical or specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. Furthermore, again, plaintiff has failed to show that any alleged error in admitting this opinion testimony was substantial enough to deny him a fair trial. Accordingly, plaintiff is not entitled to a new trial. *Perry*, 794 F.2d at 285.

## II.     Motion for Judgment as a Matter of Law

Truesdale asks this Court to vacate the jury's award against him on Klich's counterclaim for nuisance. This Court interprets Truesdale's request to be a motion for

judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b).  When ruling on a motion for judgment as a matter of law following a jury verdict, the Court does not re-weigh the evidence presented at trial or make credibility determinations.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *see* Fed.R.Civ.P. 50(b).  Instead, the Court views the evidence and makes all reasonable inferences in the light most favorable to the party against whom the motion is directed.  *See Reeves*, 530 U.S. at 150-51; *Erickson v. Wisconsin Dep't Corrections*, 469 F.3d. 600, 601 (7th Cir. 2006).  "[T]he question is not whether the jury believed the right people, but only whether it was presented with a legally sufficient amount of evidence from which it could reasonably derive its verdict."  *Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 638 (7th Cir. 2003).  In other words, the Court will overturn the jury's verdict only if no reasonable juror could have found in Klich's favor.  *See Erickson*, 469 F.3d at 601.  "This is obviously a difficult standard to meet."  *Waite v. Board of Trs. of Ill. Cmty. Coll. Dist. No. 508*, 408 F.3d 339, 343 (7th Cir. 2005).

Truesdale argues that there was not a single document or exhibit that demonstrated that Klich had sustained any damages pertaining to his nuisance claim.  Truesdale suggests that other than some vague testimony that Klich had to pay approximately $300 to replace some damaged grass, there was no showing that Truesdale did anything to damage Klich's property.  Truesdale contends that the jury was permitted to use guess work and conjecture to determine the value of the diminished use of Klich's property.

This Court disagrees.  Mr. Klich, Mrs. Klich and Susan Duhig from the DuPage County Health Department offered testimony in support of Klich's nuisance claim.  Ms.

11

Duhig testified that on one occassion, she observed discharge coming from Truesdale's property that smelled like detergent. (Tr., pp. 208-209). She explained that pipes that drain in the front yard are typically reserved for rain water but it was not raining at the time she observed this discharge. (Tr., p. 208). She concluded that laundry water was discharging from the pipe in the Truesdale's front yard. (Tr., p. 209).

Mr. Klich also testified about the pipe discharge and numerous other instances involving Truesdale which he believed interfered with the use of his property. (Tr., p. 254). For example, he testified about: photographs of the middle finger in Truesdale's window facing Klich's home; a motion detector that shines brightly on Klich's driveway; rotting grass clippings left along his property line; oil that appeared to be thrown on his wife's car from the Truesdale's property; Truesdale smashing bottles against his garbage can and running a tractor right next to the property line while the Kliches were entertaining. (Tr., pp. 262, 265-267, 270-271, 273). Mr. Klich further testified about how these things have affected him over the past several years. (Tr., pp. 272-273, 275-276). In particular, he testified that he has had trouble sleeping and that he has experienced stress, depression and anxiety. (*Id.*). Mrs. Klich also testified about some of the same problems with the Truesdales and how they affected her husband emotionally. (Tr., pp. 320, 324, 326-327, 329-330).

Under Illinois law, there are two types of damages for private nuisance - damages caused by permanent nuisances and those caused by temporary nuisances. *See Statler v. Catalano*, 167 Ill. App. 3d 397, 521 N.E.2d 565, 571, 118 Ill. Dec. 283 (5th Dist. 1988). "A permanent nuisance is one characterized as continuing indefinitely and the structure constituting the nuisance is a lawful one, or one which the person or entity

has a legal right to maintain. . . . A temporary nuisance is one which is occasional, intermittent, or recurrent and is remediable, removable or abatable." *Tamalunis v. City of Georgetown*, 185 Ill. App. 3d 173, 542 N.E.2d 402, 404, 134 Ill. Dec. 223 (4th Dist. 1989). "The proper measure of damages for a permanent nuisance is the market value of the land, while the proper measure of damages for a temporary nuisance is the discomfort and deprivation of the use and enjoyment of a person's home." *Statler*, 521 N.E.2d at 571; see also *Tamalunis*, 542 N.E.2d at 410 ("Generally, the measure of damages for a temporary nuisance is the personal inconvenience, annoyance, and discomfort suffered on account of the nuisance.") (collecting cases).

This Court instructed the jury that if they found Truesdale liable to Klich for creating a nuisance, "then Mr. Klich's damages are measured by the personal inconvenience, annoyance and discomfort he suffered on the account of the nuisance created by Mr. Truesdale." (Tr., p. 435). As set forth above, Klich clearly presented evidence of personal inconvenience, annoyance and discomfort on account of the nuisance created by Truesdale. Based on the testimony of Mr. Klich, Mrs. Klich and Susan Duhig, the Court finds that Klich presented a legally sufficient amount of evidence from which the jury could reasonably derive its verdict. Accordingly, judgment as a matter of law under Rule 50(b) is not warranted. *Erickson*, 469 F.3d at 601.

To the extent that Truesdale intended to move for a new trial on the nuisance claim pursuant to Rule 59(a), this Court finds that a reasonable basis exists in the record to support the jury's verdict. Therefore, Truesdale is not entitled to a new trial. *King*, 447 F.3d at 534.

Furthermore, to the extent that Truesdale suggests that the damages award

against him was excessive or not supported by the evidence, again, this Court disagrees. Because Truesdale's liability is based on Illinois law, Illinois law governs the question of whether the evidence supports the award of damages. *Medcom Holding Co. v. Baxter Travenol Lab., Inc.*, 106 F.3d 1388, 1397 (7th Cir. 1997). Therefore, we look "to Illinois law for the substantive standard of what evidence would satisfy proof of damages." *McClain*, 139 F.3d at 1126; *see also, Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 436-37, 116 S. Ct. 2211, 2225, 135 L. Ed. 2d 659 (1996).

Under Illinois law, "absolute certainty concerning the amount of damage is not necessary to justify a recovery where the existence of damage is established." *In re Application of Busse,* 124 Ill. App. 3d 433, 438-439, 464 N.E.2d 651 (1st Dist. 1984). In reviewing damages awards, "Illinois courts give great deference to the jury." *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 612 (7th Cir. 2006). The jury's function is "to consider the credibility of witnesses and to determine an appropriate award of damages." *Id.*, citing *Richardson v. Chapman*, 175 Ill. 2d 98, 114, 676 N.E.2d 621, 628, 221 Ill. Dec. 818 (1997). The Supreme Court of Illinois has stated that "an award of damages will be deemed excessive if it falls outside the range of fair and reasonable compensation or results from passion or prejudice, or if it is so large that it shocks the judicial conscience." *Richardson*, 175 Ill. 2d at 113, 676 N.E.2d at 628.

Here, the jury considered the credibility of the witnesses and determined that Klich was entitled to $30,000.00 for the nuisance created by Truesdale. In light of the evidence presented at trial, this Court cannot conclude that the award was so large that it shocks the judicial conscience. Moreover, Truesdale has failed to demonstrate that the award falls outside the range of fair and reasonable compensation or that it was the

result of passion or prejudice. Based on the testimony of Mr. Klich, Mrs. Klich and Susan Duhig, this Court finds that the jury's award was reasonable and that the evidence supports such an award. Based on the foregoing, we see no reason to vacate the jury's award against Truesdale.

**CONCLUSION**

For the reasons set forth above, Truesdale's amended post-trial motion is denied in its entirety. It is so ordered.

                                      **ENTER:**

                                      _____

                                      **MICHAEL T. MASON**
                                      **United Stated Magistrate Judge**

**Dated: October 23, 2007**